UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LINEAR GADOLINIUM-BASED
CONTRAST AGENTS PRODUCTS
LIABILITY LITIGATION                                              MDL No. 2868


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Plaintiffs in seventeen actions before the Panel move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California or, alternatively, the District of Massachusetts. This litigation consists of 21 actions pending in thirteen districts, as listed on Schedule A.[1]

Plaintiffs in one action and one potentially-related action support centralization in the Northern District of California or, alternatively, the Southern District of Illinois. Plaintiffs in one potentially-related action support centralization in the District of Massachusetts and do not oppose centralization in the Northern District of California. Plaintiffs in one District of Arizona and one Northern District of California potentially-related action support centralization in the Southern District of Illinois or, alternatively, the District of Arizona.

Responding defendants uniformly oppose centralization. The Guerbet defendants[2] and Bracco Diagnostics Inc. alternatively request the Panel stay its decision until general causation discovery is completed in the District of Arizona actions. These defendants alternatively suggest or do not oppose centralization in the District of Arizona. The Bayer defendants,[3] McKesson

---

[*] Judge Charles R. Breyer and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] The Panel also has been notified of nine potentially-related actions pending in seven districts.

[2] Guerbet LLC and Liebel-Flarsheim Company, LLC.

[3] Bayer Healthcare Pharmaceuticals Inc., Bayer Corp., and Bayer Healthcare LLC.

-2-

defendants,[4] Mallinckrodt defendants,[5] and GE defendants[6] alternatively suggest centralization in the District of Arizona, the Southern District of New York, and/or the District of Delaware.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Certainly, most of these actions,[7] which are all personal injury cases, involve some common factual issues concerning the manufacture, regulatory approval, labeling, and marketing of gadolinium-based contrast agents (GBCAs), and the propensity of GBCAs to cause the retention of gadolinium in the bodies of patients with normal kidney function. We find movants have failed to demonstrate that any common questions of fact and law are sufficiently complex or numerous to justify centralization. In particular, the injuries alleged in each case appear to be highly plaintiff-specific, and the actions involve GBCAs manufactured by one or more of four different defendant groups, involving different formulations.

Furthermore, plaintiffs in most actions are represented by a single law firm or firms that are working as co-counsel with that firm in other related actions. We have held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Given the significant overlap in plaintiffs' counsel, alternatives to transfer exist that may minimize whatever possibilities there might of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re: Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978). Moreover, the District of Arizona actions have begun proceedings to address general causation, which may inform the other related actions and promote a resolution of the litigation without resort to Section 1407.

---

[4] McKesson Corporation and McKesson Medical-Surgical, Inc.

[5] Mallinckrodt Inc. and Mallinckrodt LLC.

[6] General Electric Company and GE Healthcare Inc.

[7] One action included in the motion for centralization—the Southern District of Ohio *White* action—unlike the other actions included in the motion, involves a patient who alleges she contracted nephrogenic systemic fibrosis after an injection of a GBCA while she was in renal failure. These facts are clearly outside the scope of the MDL proposed by movants.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Lewis A. Kaplan
R. David Proctor             Catherine D. Perry

**IN RE: LINEAR GADOLINIUM-BASED
CONTRAST AGENTS PRODUCTS
LIABILITY LITIGATION** MDL No. 2868

## SCHEDULE A

<u>District of Arizona</u>

DAVIS v. MCKESSON CORPORATION, ET AL., C.A. No. 2:18-01157
MUNNURU v. GUERBET LLC, ET AL., C.A. No. 2:18-01159
FISCHER v. BAYER HEALTHCARE PHARMACEUTICALS INCORPORATED,
    ET AL., C.A. No. 2:18-01778

<u>Northern District of California</u>

GEISSE, ET AL. v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:17-07026
YOUNG v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:18-00811
WINKLER v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:18-03077
LEWIS v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:18-04146

<u>District of Delaware</u>

JAVENS v. GE HEALTHCARE, INC., ET AL., C.A. No. 1:18-01030

<u>Middle District of Florida</u>

SABOL v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 8:18-00850

<u>Southern District of Florida</u>

ESSERMAN v. BRACCO DIAGNOSTICS, INC., ET AL., C.A. No. 1:18-21396
MONTANI v. BRACCO DIAGNOSTICS, INC., ET AL., C.A. No. 4:18-10054

<u>District of Kansas</u>

GERRITY, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:18-02245

- A2 -

**MDL No. 2868 Schedule A (Continued)**

<u>District of Massachusetts</u>

GOODELL v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    CA. No. 1:18-10694
VIRUET v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:18-11611

<u>Eastern District of New York</u>

MCGRATH v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:18-02134

<u>Southern District of New York</u>

ZELAZNY v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:18-03246

<u>Northern District of Ohio</u>

COMBS v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:18-00802

<u>Southern District of Ohio</u>

WHITE v. GE HEALTHCARE, INC., ET AL., C.A. No. 1:17-00212
MILLER v. GE HEALTHCARE, INC., ET AL., C.A. No. 3:18-00113

<u>District of Oregon</u>

WALTON v. GE HEALTHCARE, INC., ET AL., C.A. No. 2:18-00605

<u>Southern District of Texas</u>

NORRIS, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 4:18-02762